Marlene D. CADE, Appellant,

v.

The BENDIX CORPORATION and the Fidelity and Casualty Company of New York, Respondents.

No. KCD 29216.

Missouri Court of Appeals, Kansas City District.

April 3, 1978.

Patrick E. White, Law Offices of Terence L. Connaughton, Kansas City, for appellant.

Steven J. Borel, Stubbs & Mann, P.C., Kansas City, for respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Did a referee[1] of the Division of Workmen's Compensation have authority to dismiss appellant's claim for workmen's compensation for want of prosecution? Surprisingly, this appears to be a question of first impression in this state. The following compendium of the facts puts the question in sharper focus.

On August 16, 1971, appellant filed a claim for workmen's compensation against her employer, The Bendix Corporation. The latter and its insurer, The Fidelity and Casualty Company of New York, are respondents herein. Appellant's claim listed December 12, 1969, as the date of accident. Appellant's claim was set for a prehearing conference on December 14, 1971, at which time it was set for hearing on March 20, 1972. The March 20, 1972, hearing did not take place as scheduled and the claim was continued and reset on eight subsequent occasions, to-wit, June 19, 1972, January 4, 1973, June 10, 1973, January 4, 1974, May 21, 1974, October 28, 1974, April 7, 1975, and October 9, 1975. When the hearing scheduled for April 7, 1975, fell through, the

---

1. Now administrative law judge—see Sec. 287.610, RSMo Supp.1977.

referee, apparently exasperated by the indifference displayed toward prosecution of the claim to a final disposition, entered the following order: "Re Set Certified Notice to employee—either *try* or *settle*." Pursuant thereto the claim was reset for hearing on October 9, 1975, at which time appellant, by her own admission, was "not ready to go forward with her case". Thereupon, the referee entered an order on October 9, 1975, dismissing appellant's claim "for want of prosecution". Appellant timely and progressively filed a Motion to Set Aside Order of Dismissal before the Division of Workmen's Compensation which was overruled, an Application for Review before the Labor and Industrial Relations Commission of Missouri which affirmed the referee's order of dismissal for want of prosecution, and an appeal to the Circuit Court of Jackson County, Missouri, which entered judgment affirming and sustaining the order of the Labor and Industrial Relations Commission of Missouri. A timely appeal by appellant from the judgment entered by the Circuit Court of Jackson County brings the matter before this court.

■ Appellant sets up and knocks down Rule II–9 promulgated by the Division of Workmen's Compensation pursuant to the first sentence contained in Sec. 287.650.1, RSMo 1969,[2] which rule reads as follows: "DISMISSAL FOR WANT OF PROSECUTION. If claimant fails to enter his appearance either in person or by counsel at the first setting for hearing of his claim, and the same is continued, claimant shall be notified of the second setting by Certified, United States Mail. If he fails to appear at the second setting, his claim may be dismissed for want of prosecution." Appellant argues that dismissal of her claim for want of prosecution, occurring as it did at the eighth setting following the first setting, literally falls outside the purview of authority prescribed by Rule II–9, supra. In view of the undisputed chronology of events, authority for the referee to dismiss appellant's claim cannot be said to lie within the narrow confines of Rule II–9, supra. Notwithstanding the self-contained limitation of Rule II–9, supra, the legislature saw fit to statutorily empower referees with authority to dismiss claims for want of prosecution at times and under circumstances comparable to those in question without promulgation of a rule embodying such authority. The last sentence of Sec. 287.650.1, supra, specifically provides as follows: "The division shall have power to strike pleadings and enter awards against any party or parties who fails or refuses to comply with its lawful orders." Sec. 287.610.2, RSMo 1969 (now amended by Sec. 286.610.2, RSMo Supp.1977), applicable at the time in question, provided, in part, that "[w]ith respect to original hearings the referees shall have such jurisdiction and powers as are vested in the division of workmen's compensation under other sections of this chapter . . .". The order entered by the referee on April 7, 1975, "Re Set Certified Notice to employee—either *try* or *settle*", was a lawful order whose net effect was that when the claim was reset for hearing (October 9, 1975), appellant was to come prepared to either try or settle her claim without seeking any further continuance or occasioning any further delay. Notwithstanding said order, appellant appeared on October 9, 1975, unprepared "to go forward with her claim", i. e., unprepared to try or settle it. Absent being proffered a satisfactory explanation for appellant's state of unpreparedness, the referee entered an order dismissing appellant's claim for want of prosecution. Appellant's unmitigated failure to comply with the lawful order of the referee entered April 7, 1975, was grounds for striking appellant's claim per Sec. 287.650.1, supra, which in effect is what the referee did when he dismissed it for want of prosecu-

**2.** Sec. 287.650.1, RSMo 1969, provides as follows: "The division of workmen's compensation shall have such powers as may be necessary to carry out all the provisions of this chapter, and it may make such rules and regulations as may be necessary for any such purpose, subject to the approval of the industrial commission of Missouri. The division shall have power to strike pleadings and enter awards against any party or parties who fails or refuses to comply with its lawful orders."

tion. See *First Presbyterian Church of Monett v. Feist,* 397 S.W.2d 728, 731 (Mo. App.1965), as constituting authority for equating dismissal of appellant's claim with striking her claim or pleading.

The Division of Workmen's Compensation has no more immunity from the devastating effect of a highly accelerated caseload than the courts of this state—both are racked with a common problem. The last sentence of Sec. 287.650.1, supra, "[t]he division shall have power to strike pleadings and enter awards against any party or parties who fails or refuses to comply with its lawful orders", is cast in language which clearly and unequivocally empowers the referee to invoke the sanction of dismissal in order to minimize the congestion of claims in these days of crowded dockets, to utilize decisional manpower to the maximum extent, and to prevent undue delay in the orderly disposition of other pending claims. Failure on the part of the legislature to have empowered referees with the power to dismiss claims for want of prosecution would have seriously hampered the ability of referees to carry out their legislatively mandated function of hearing and determining claims "upon original hearing". Sec. 287.610.2, supra. Tangentially, and of cardinal importance, failure of the legislature to have empowered referees with statutory authority to dismiss claims for want of prosecution would have rendered them helpless, regardless of the harmful reverberations to prepared and compliant claimants, to thwart intentional, indifferent, or selfish delaying tactics on the part of a few claimants impeding the timely and orderly dispatch of the great bulk of compensation claims. Such an incongruous result was wisely avoided by the legislature by inclusion of the last sentence in Sec. 287.650.1, supra.

The power of referees to dismiss workmen's compensation claims for want of prosecution is not a raw, unbridled power. Like comparable discretionary powers possessed by both judicial and quasi-judicial bodies, it is subject to judicial review to ferret out and remedy arbitrary or capri-cious dismissals which smack of abuses of discretion. In the instant case, the appellant has not suggested, or so much as even hinted, that dismissal of her claim for want of prosecution was arbitrary or capricious, thereby constituting an abuse of discretion. The facts would not bear her out if she did. Appellant limits her claim for relief to the sole ground that the referee was without power or authority to enter such an order. The very core of appellant's singular ground is totally and thoroughly vitiated by Sec. 287.650.1, supra.

Judgment affirmed.

All concur.