Frank WUEST, Deceased by Evelyn
Wuest, widow, Appellant,

v.

STIX, BAER AND FULLER,
Respondent.

No. 39863.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1979.

Harry J. Nichols, St. Louis, for appellant.

Evans & Dixon, Edward Warner, St. Louis, for respondent.

CRIST, Judge.

Workmen's Compensation case. Appeal from the dismissal of claim for failure to prosecute. We affirm.

Frank Wuest was employed by Stix, Baer and Fuller from 1946 to January, 1970. He died on August 4, 1972 at St. Louis County Hospital of cirrhosis of the liver.

The decedent's widow, Evelyn Wuest, filed a claim for Workmen's Compensation on July 27, 1974, stating that the death of Mr. Wuest was caused by an exposure of chemicals during his employment with Stix, Baer and Fuller.

Respondent, Stix, Baer and Fuller, filed a timely answer.

The claim was set for hearing on November 15, 1974, at which time claimant requested a continuance, a request which she invoked several times thereafter. On August 2, 1976, when claimant appeared by counsel still not prepared for trial, the referee of the Division of Workmen's Compensation dismissed the case. The order of dismissal entered on August 31, 1976 by the referee cited for the record that the case had heretofore been set for prehearing on March 19, 1976 and for hearing on November 15, 1974, April 8, 1975, October 30, 1975, and July 9, 1976. It further stated that inasmuch as notice of hearing for the 2nd day of August, 1976 had been directed to claimant at her last known address by certified mail and that on August 2, 1976 claimant failed to appear ready for the hearing, a motion to dismiss was heard and sustained and the claim ordered dismissed.

Claimant filed an application for review with the Labor and Industrial Commission on September 17, 1976. The Commission denied review on December 9, 1976. Thereafter claimant appealed to the Circuit Court of St. Louis County. On October 10, 1977, the Circuit Court of St. Louis County de-

nied the appeal and affirmed the decision of the Labor and Industrial Commission.

█ Claimant contends that the referee had no power to dismiss her claim for want of prosecution because there was no lawful order of the referee. However, claimant failed to raise this issue previously with her application for review to the Industrial Commission or in the appeal to the Circuit Court of St. Louis County. Therefore this issue is not preserved for review by this court. *Smith v. Inter-County Telephone Co.*, 559 S.W.2d 518, 524 (Mo. banc 1977). In any event, there was a lawful order of the Industrial Commission in that notice of a hearing for August 2, 1976 was directed to claimant, the attorneys for all parties appeared and a motion to dismiss was heard and sustained. *Cade v. Bendix Corporation*, 564 S.W.2d 608, 609 (Mo.App. 1978).

█ Claimant's second point, that the referee acted arbitrarily and capriciously in dismissing her claim, is an issue also raised for the first time on this appeal. It is, likewise, not preserved for review. In any event, the facts do not bear out any contentions by claimant that the referee abused his discretion and acted in an arbitrary and capricious manner. *See Cade v. Bendix Corporation*, 564 S.W.2d 608, 610 (Mo.App. 1978).

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concurs.