John H. LAURIE and Ruby M. Laurie, Plaintiffs-Appellants,

v.

William J. EZARD and Dixie E. Larkin, Administrators of the Estate of Dolph Ezard, and Doris Ezard and William J. Ezard, Defendants-Respondents.

No. 11081.

Missouri Court of Appeals, Southern District. Division One.

Feb. 4, 1980.

Motion for Rehearing and for Transfer to Supreme Court Denied Feb. 21, 1980.

Application to Transfer Denied April 8, 1980.

Paul L. Bradshaw, John D. Compton, Neale, Newman, Bradshaw & Freeman, Springfield, for plaintiffs-appellants.

John F. Low, Low & Honssinger, Lebanon, Ronald K. Carpenter, Phillips, McElyea, Walker & Carpenter Corp., Camdenton, for defendants-respondents.

PREWITT, Judge.

Appeal from dismissal of plaintiffs' petition for failure to prosecute.

On July 17, 1969, plaintiffs instituted an action for damages and injunctive relief. Plaintiffs had been the owners of a grocery store building and had leased it to defendants. The action was based upon breach of provisions of the lease. After a period of inactivity, the case was placed on the circuit court's inactive docket. Pursuant to plaintiffs' motion, it was placed back on the active docket on March 26, 1976. On December 1, 1977, defendants filed a motion to dismiss for failure to prosecute. The court sustained defendants' motion to dismiss on May 26, 1978. Plaintiffs then filed a motion to set aside the judgment of dismissal which, after hearing, was overruled. Plaintiffs contend that the court abused its discretion in dismissing the action at a time when they were actively pursuing it, and that the dismissal was for improper and incorrect reasons. The order of dismissal recited that the court "finds that there has been no activity in the case from June 22–76 to Nov. 4, 1977 except for taking of Interrogatories which it finds to be a period of 16 months after reinstatement to active docket." At the hearing on the motion to set aside the dismissal, the judge stated: "the problem is from June the 22nd of '76 until November the 4th of '77 these motions, answers, and objections and pleadings that needed to be called up . . . the objections to interrogatories . . . lay dormant for a year and five months . . . a year and four months. That's the period of time I looked at when I dismissed it before, and I'm still looking at it."

The general rule is that courts have inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute. *Vonder Haar Concrete Company v. Edwards-Parker, Inc.*, 561 S.W.2d 134, 137 (Mo.App.1978). The discretion to be used is not a mental discretion, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to serve the ends of substantial justice. *Levee District No. 4 of Dunklin County v. Small*, 281 S.W.2d 614, 618 (Mo. App.1955). Such action will not be disturbed on appeal unless the discretion was abused. *Shirrell v. Missouri Edison Company*, 535 S.W.2d 446, 448 (Mo. banc 1976). However, Missouri law favors the disposition of cases on their merit when possible. *Myers v. Moreno*, 564 S.W.2d 83, 85 (Mo. App.1978). This is for the reason that the purpose of all courts is to do justice, and justice is best served when all litigants have a chance to be heard. *Id.*

The court's order was incorrect as to the activity during the time period recited as four depositions were taken, apparently two by each side. However, we do not think that to be the controlling factor here. We must determine the status of a dismissal upon a motion for failure to prosecute as of the time the motion was made and not on a prior period. *Vonder Haar Concrete Company v. Edwards-Parker, Inc.*, supra, 561 S.W.2d at 139; *State ex rel. State Highway Commission v. Graeler*, 495 S.W.2d 741, 743 (Mo.App.1973). Defendant's right of dismissal may be waived if he indicates a willingness to try the case, notwithstanding the delay and such waiver is more pronounced when he fails to file his motion until the plaintiff commences preparation for trial and incurs expenses. *State ex rel. State Highway Commission v. Graeler*, supra, 495 S.W.2d at 743. The motion here was not filed during the period on which the court based its dismissal. Previous thereto, by their discovery and preservation of testimony by deposition, the defendants indicated a willingness to try the case on the merits. On August 26, 1976, defendants asked for a trial setting but withdrew it 5 days later because their objections to interrogatories were still pend-

ing. Plaintiffs contend that the objections were allowed to pend for this time as they were awaiting the taking and reviewing of depositions to determine if this further information was necessary. Defendants filed their motion after plaintiffs attempted further discovery by moving for an order compelling answers to interrogatories and noticed it for hearing.

■ Defendants rely primarily on *Shirrell v. Missouri Edison Company,* supra. There plaintiff stated that the case was ready for trial more than two years before it was dismissed. Plaintiffs' attorney was actively trying other cases and there was no reason why the case was not tried. Whether a case is prosecuted diligently must be decided on a case by case basis. *Hennis v. Tucker,* 447 S.W.2d 580, 583 (Mo.App.1969). The circumstances in the present case indicate lack of diligence by plaintiffs or their attorneys. Plaintiffs claim that some of the delay was due to the illness and death of the attorney initially hired by plaintiffs and the usual delaying tactics of defendants. For whatever reasons, the case was not ready for trial, but steps were being taken toward trial at the time of dismissal. Defendants were content to let the case set without taking any steps toward dismissal or to move it to trial until plaintiffs commenced activity to obtain further discovery. Plaintiffs then at least made a showing of preparing for trial.

■ A dismissal for failure to prosecute should not be based on remote, even if extended, periods of inactivity. *Vonder Haar Concrete Company v. Edwards-Parker, Inc.,* supra, 561 S.W.2d at 139. In determining whether to dismiss a dormant case, we believe that the time a case has been on file and its prior inactivity may be considered. However, to dismiss a case for prior inactivity while it was being pursued could cause many cases to be dismissed which should not be. Human nature being what it is, attorneys and parties may not always act in a diligent manner. Our examination of the cases cited by the parties and other cases leads us to believe that only in an unusual situation should a case be dismissed for prior inactivity, on a party's motion, at a time when it appeared to be prosecuted toward trial. We are aware that the trial judge here commendably, through diligence and hard work, controls and moves his docket and we reluctantly interfere in such matters. We believe that the justification for us to do so here was well stated by Judge A. P. Stone in *Levee District No. 4 of Dunklin County v. Small,* supra, 281 S.W.2d at 618–619:

"Although courts are, no doubt, frequently vexed by the seeming indifference, inattention and carelessness of counsel, . . . we . . . recognize that the practical problems encountered by a busy lawyer are manifold and varied, impose heavy demands upon his time, mind and memory, and keep him under constant and unrelenting pressure, stress and strain. We would not be misunderstood as entertaining any views ' "which will permit a party to trifle with the rules of practice of the court" ' [citing cases] or as discouraging dismissal of *inactive* cases for want of prosecution unless good cause for further continuance be shown. But, desirable as it is that courts should keep their dockets current, it is of greater importance that their work should be done with care and discernment and that they should be ever diligent and zealous in their unremitting efforts to attain the ends of justice."

■ We believe here that the ends of justice will be better served by allowing the case to proceed on its merits rather than to be determined without the parties having an opportunity to present evidence and to be otherwise heard.

The order dismissing the case is reversed and the cause is remanded for further proceedings.

TITUS, P. J., and GREENE, J., concur.

FLANIGAN, C. J., recused.