John E. BONNEY, Peggy R. Bonney and Bonney Properties, Inc., d/b/a Lakeside Motel, Plaintiffs-Appellants,

v.

Lee W. FARMER, Richard Fowler, Farmer-Foster Insurance Agency, Inc., First National Bank of Linn Creek, and the Aetna Casualty and Surety Company, Defendants-Respondents.

No. 11841.

Missouri Court of Appeals, Southern District, Division Two.

March 10, 1981.

Harvey M. Tettlebaum, Jefferson City, for plaintiffs-appellants.

Harold J. Fisher and James B. Condry, Woolsey, Fisher, Whiteaker, McDonald & Ansley, Springfield, for defendants-respondents Farmer-Foster Insurance Agency, Inc. and Lee W. Farmer, individually.

James H. McLarney, Swanson, Midgley, Gangwere, Clarke & Kitchin, Kansas City, for defendant-respondent First National Bank of Linn Creek.

Alex Bartlett, Jefferson City, for defendant-respondent Aetna Casualty and Surety Co.

PREWITT, Presiding Judge.

Plaintiffs' lawsuit was dismissed for failure to prosecute. The suit, alleging a fraudulent conspiracy, was filed September 11, 1975. In March 1978, plaintiffs filed a motion stating that discovery was complete and requested a trial setting. Trial was set for July 5 and 6, 1978. On July 3, 1978, plaintiffs requested a continuance because plaintiff John E. Bonney was hospitalized and would remain hospitalized through the commencement of the trial. Included as a part of the motion for continuance was a physician's affidavit stating that Mr. Bonney underwent back surgery approximately a year before and had to be hospitalized because of "continuing back complaints". The trial court granted the continuance. Plaintiffs took no further action in the matter and on April 4, 1980, the first of two motions to dismiss for failure to prosecute was filed. It and a subsequent motion, filed by a different defendant, were called up for hearing on April 16, 1980. On April 15, 1980, plaintiffs' attorney of record withdrew, and neither plaintiffs nor any attorney appeared for them on April 16, 1980. On that date the trial court entered an order stating that the case would be dismissed on May 6, 1980, unless plaintiffs showed on or before May 6 why it should not be dismissed. On May 7, 1980, an attorney entered an appearance for plaintiffs and filed a motion to modify the judgment of dismissal. A hearing on the motion was held on May 20, 1980. The court did not modify the order but at the end of that hearing set a hearing for June 2, 1980, to allow plaintiffs a further opportunity to show why the dismissal should be set aside. Following that hearing the court found that plaintiffs had failed to prosecute their cause of action with diligence, had failed to show cause why the order of dismissal should be set aside, and ruled that the dismissal of May 6, 1980, would remain in effect.

Missouri law favors the disposition of cases upon their merits when possible, but a dismissal for failure to prosecute will not be set aside upon appeal unless the trial court abused its discretion. *Laurie v. Ezard*, 595 S.W.2d 336, 337 (Mo.App.1980). Whether a case is prosecuted diligently must be decided on a case by case basis. Id. 595 S.W.2d at 338. The trial court was generous with its time and gave plaintiffs more than adequate opportunity to show a justifiable reason why the matter had not been prosecuted, but plaintiffs were unable to do so. Plaintiffs were aware since November of 1979 that their then attorney of record was no longer going to represent them and prosecute this matter, but plaintiffs took no steps to get another attorney. From July 1978 to April 1980 Mr. Bonney was in the hospital a total of five weeks for three operations which caused him to be off work for nine months and two weeks. However, there was no showing that this would have hampered plaintiffs' attorney from prosecuting the matter, except perhaps while Mr. Bonney was hospitalized, and no reason was shown for the inactivity during the periods when Mr. Bonney was not disabled. Plaintiffs were involved in related litigation which was being pursued during the twenty-one months this case lay dormant, but there was no evidence indicating that it was necessary or practical to receive a decision in another case previous to a trial of this matter. Plaintiffs complained that they had difficulty because of the time and cost of the other litigation but

did not explain why they could or should prosecute other litigation but not the present case.

Under these circumstances we cannot say that the court's ruling was clearly against the logic of the circumstances nor so unreasonable as to indicate a lack of careful consideration. Therefore, there was no abuse of discretion. *Shirrell v. Missouri Edison Company*, 535 S.W.2d 446, 448, 450 (Mo.banc 1976).

The judgment is affirmed.

HOGAN, BILLINGS and MAUS, JJ., concur.