William R. HOROBEC,
Plaintiff-Appellant,

v.

Earl D. MUELLER and June M. Mueller,
his wife, Defendants-Respondents.

No. 44029.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 9, 1982.

Stephen F. Meyerkord, St. Louis, for appellant.

William P. Russell, St. Louis, for respondent.

W. Morris Taylor, Taylor, Schumaier & Sluggett, Clayton, for plaintiff-appellant.

Thomas M. Lang & Daniel P. Card, II, Love, Lacks, McMahon & Schwarz, Clayton, for defendants-respondents.

SNYDER, Judge.

The plaintiff-appellant in a contract and fraud action in St. Charles County appeals from the trial court's dismissal of the action with prejudice and the trial court's refusal to reinstate the case upon appellant's motion. The trial court dismissed the case for failure to prosecute. The judgment is reversed and the cause remanded.

The trial court dismissed appellant's action at approximately 9:25 a. m. on February 9, 1981 after appellant and appellant's counsel failed to appear for a 9:00 a. m. docket call. The case was third on the docket. It was the first trial setting.

Appellant's counsel appeared at approximately 10:15 a. m. the same day and moved the court to set aside its dismissal and reinstate the action. The motion was based upon counsel's sworn statement that appellant and appellant's witnesses were on call to be at the courthouse within ten minutes; that counsel had communicated with counsel for the second case on the docket who had told appellant's counsel the second case would be tried and that appellant's counsel would be notified if not; that appellant's counsel had appeared at a peremptory setting in St. Louis County and had passed the matter to February 10, 1981; and that appellant's counsel had previously informed respondents' counsel that appellant would go to trial when their case was reached unless in trial in some other matter.

Appellant's motion was heard on February 13, 1981. A transcribed record was made of only a portion of the hearing. The trial court expressed its concern that appellant's counsel had not contacted the court to explain counsel's delay in appearing. Appellant's counsel stated he had contacted the clerk's office the week prior to the week of the trial setting. The judge expressed his view that such was not sufficient and that appellant's counsel should have contacted the court or the court clerk rather than the circuit clerk's office. The court then denied appellant's motion.

■ Both appellant and respondents have filed motions to supplement the record on

appeal which were taken with the case. Both motions are denied because the documents with which the parties seek to supplement the record were never presented to the trial court. *Carondelet Savings & Loan Association v. Boyer*, 595 S.W.2d 744, 746[3–5] (Mo.App.1980).

■ In his first point relied on, appellant contends the trial court's dismissal of his action was an abuse of discretion because it was against the logic of the circumstances. Appellant argues counsel was ready to proceed to trial and had exhibited no lack of due diligence or undue delay in bringing the action to trial. Appellant's contention has merit and requires reversal.

■ Courts have the inherent power, in the exercise of sound judicial discretion, to dismiss an action for failure to prosecute with due diligence. *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448[1–2] (Mo. banc 1976). The trial court's decision will not be disturbed on appeal unless the trial court's discretion was abused. *Shirrell v. Missouri Edison Co., supra.* The appellate court will presume the trial court's decision is correct, and the appellant has the burden to show an abuse of the trial court's discretion. *Shirrell v. Missouri Edison Co., supra.*

■ Judicial discretion is abused when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Shirrell v. Missouri Edison Co., supra.*

■ If reasonable men can differ about the propriety of the action taken by the trial court, the trial court has not abused its discretion. *Shirrell v. Missouri Edison Co., supra.* Nevertheless, the court's discretion is to be exercised in such manner as to serve the ends of justice, *Laurie v. Ezard*, 595 S.W.2d 336, 337[1, 2] (Mo.App. 1980), and the law favors disposition of a case upon the merits when possible. *Bonney v. Farmer*, 613 S.W.2d 463, 464[1, 2] (Mo.App.1981); *Laurie v. Ezard, supra* at 337[1, 2].

■ Although the decision whether a case should be dismissed for want of prosecution should be determined upon the particular facts and circumstances of the action on a case-by-case basis, *Bonney v. Farmer, supra, Laurie v. Ezard, supra* at 338[5], prior appellate decisions do provide some guidance. Neither the parties nor research has disclosed a case in which the plaintiff's case was dismissed with prejudice for failure to diligently prosecute, when the plaintiff stood ready to try the case and was not chargeable with any past lack of diligence, solely upon the basis that plaintiff's counsel was tardy in appearing in court because of a conflicting court setting.

Most cases in which the action had been dismissed involved a substantial period in which the plaintiff took no action to bring the matter to trial. *Shirrell v. Missouri Edison Co., supra* at 449–450; *Bonney v. Farmer, supra* at 464; *State ex rel. Hayden v. Carr*, 597 S.W.2d 710 (Mo.App.1980); *Levee District No. 4 of Dunklin County v. Small*, 281 S.W.2d 614 (Mo.App.1955).

In some cases, the forbearance of the court which dismissed the action in permitting the plaintiff to attempt to plead properly, in permitting the plaintiff ample opportunity to attempt to justify the failure to prosecute, or in making the dismissal without prejudice, was noted by the appellate court. *Shirrell v. Missouri Edison Co., supra* at 449–450[3]; *Green v. Green*, 606 S.W.2d 395, 399 (Mo.App.1980).

In one case, the appellate court held the trial court abused its discretion in dismissing the case, despite a prior period of inactivity, because the case was being actively pursued at the time of dismissal. *Laurie v. Ezard, supra* at 337–338[3–4, 6–8].

In the case under review suit was filed on April 23, 1979 and appellant's counsel was diligent in completing discovery and obtaining a trial setting as soon as the case was at issue. In fact, for a period of several

months respondents failed to file an answer to appellant's petition.

The only neglect chargeable to appellant is that appellant's counsel was a little over an hour late in appearing at the first trial setting due to a conflicting court setting in another circuit. Appellant maintains the case in the St. Louis County Circuit Court was set peremptorily but respondents dispute this, and the record does not clearly resolve the dispute. It is evident from the record that appellant's counsel believed he had sufficient time to make his appearance in the other circuit court before having to appear in his St. Charles case, the third case on the docket following a case which counsel believed would be tried. It is also evident from the record that appellant stood ready to proceed to trial and was awaiting communication from opposing counsel to go to the courthouse should appellant's case be reached. A dismissal of appellant's action with prejudice in the light of such facts is extremely harsh and is an abuse of discretion given the policy in favor of trial upon the merits if possible. *Bonney v. Farmer, supra; Laurie v. Ezard, supra.*

Clearly, appellant's counsel was remiss in not communicating with the trial court and opposing counsel about his scheduling conflict. This opinion should not be read to approve counsel's previously unexplained tardiness. Appellant's counsel did communicate with the circuit clerk's office prior to the date of the trial setting, however, even if counsel did not communicate directly with the trial court. Given the particular facts and circumstances of appellant's case, the dismissal of appellant's case for counsel's single transgression is exceedingly harsh.

Respondents contend that the fact counsel is engaged elsewhere does not, in and of itself, require the vacation of the judgment of dismissal. *Clinton v. Clinton,* 444 S.W.2d 677, 680[1–2] (Mo.App.1969). *Clinton v. Clinton, supra,* holds that the defaulting defendant failed to show an excuse for his default upon the basis counsel was in trial in another matter at the time of default. Defendant's counsel in *Clinton* was aware of the trial setting a month in advance yet did not attempt to notify the court or seek a continuance. Such is not the case upon the record before this court.[1] Additionally, the appellate court in *Clinton v. Clinton, supra* at 682–683, was influenced by the fact that a child's welfare was involved in the case and that delaying trial could injure the child.

The appellate court is reluctant to interfere with the trial court's ability to control its own docket. Nonetheless, given the particular facts of appellant's case, the trial court's dismissal with prejudice for failure to prosecute with diligence was against the logic of the circumstances and an abuse of discretion.

The disposition of appellant's first point relied on makes unnecessary any consideration of appellant's other points relied on that the trial court's action was in violation of St. Charles Circuit Court Rule 21.1(c)[2] and constituted plain error.

The judgment is reversed and the cause remanded.

REINHARD, P. J., and CRIST, J., concur.

---

1. Respondents contend appellant's counsel knew of the trial setting for his case more than a month in advance yet made no effort to communicate with the trial court or respondents' counsel concerning his scheduling conflict. The record reflects that appellant's counsel did communicate with the circuit clerk's office the week prior to the trial setting in appellant's case.

2. Rule 21.1(c) of the Circuit Court of St. Charles is not a part of the record in this case and cannot, therefore, be considered upon appeal. *Hampton Bank v. Pfeil,* 537 S.W.2d 680, 681[2] (Mo.App.1976).