STATE of Missouri ex rel. Jeremiah W. (Jay) NIXON, et al., Appellant,

v.

SUMMIT INVESTMENT COMPANY, LLC, and Ronald D. Westenhaver, Respondents.

No. 27274.

Missouri Court of Appeals,
Southern District,
Division Two.

March 20, 2006.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Timothy P. Duggan, Asst. Atty. Gen., Jefferson City, for appellant.

Faye M. Coultas, Coultas & Green, L.L.C., Osage Beach, for respondents.

ROBERT S. BARNEY, Judge.

Appellants appeal the trial court's entry of a judgment of dismissal in their action against Summit Investment Company, LLC, and Ronald D. Westenhaver ("Westenhaver") (collectively "Respondents") in which Appellants alleged violations of several provisions of the Missouri Clean Water Law, sections 644.011 through 644.141,

*et seq.*[1]  In their sole point of trial court error, Appellants argue the trial court abused its discretion in dismissing their case for failure to prosecute without prejudice.   Specifically, Appellants maintain they were "ready to proceed to trial ..." at the time the trial court "unfairly allowed [Respondents] to avoid a trial setting ... by procrastinating [their] discovery ..." such that the trial court "unreasonably assessed fault against [Appellants] for undue delay in bringing the case to trial."

The record reveals that on January 5, 2001, Appellants filed suit in four counts against Respondents alleging that certain residential subdivisions constructed by Respondents did not have adequate wastewater treatment systems as required by the Missouri Clean Water Law and certain DNR provisions.  Appellants variously requested civil penalties, costs and injunctive relief.

In 2003 and during the course of settlement negotiations in this matter, the parties signed a proposed consent judgment. By its terms, the consent judgment essentially set out that Respondents had failed to comply with sections 644.051 and 644.076.1, as well as 10 CSR 20, in the construction of the six subdivisions at issue, and that Respondents agreed to pay $64,000.00 in civil penalties in three installments.   Although the consent judgment was never formally approved by the trial court, in keeping with the proposed consent judgment, we discern from our review of the record and from remarks made by Respondents' counsel during oral argument, that Respondents delivered to the Missouri Attorney General two checks constituting fines/or penalties in the amounts of $24,000.00 and $20,000.00. in 2003.

The record also reveals that by agreement of the parties, on June 9, 2003, the trial court entered a preliminary injunction which, *inter alia,* ordered Respondents to "comply with all applicable requirements of the Missouri Clean Water Law and Regulations," and also set out that the DNR "shall review and process, in a timely manner, all permit applications and related documentation" for subdivisions being developed by Respondents.

On February 20, 2004, Respondents requested the trial court set a hearing date to consider approving the consent judgment.   A hearing date was set for March 9, 2004;  however, the trial court's docket entry reflects that on that date the matter "was passed *at request of [p]arties* to be renoticed for hearing."  (Emphasis added).

Thereafter, Respondents served Appellants with "Interrogations [sic] and Document Production Requests" on August 16, 2004.   On April 13, 2005, Appellants sent a notice to Respondents to take Westenhaver's deposition, based on their belief that Respondents were violating the preliminary injunction.

On April 19, 2005, Respondents filed a motion to dismiss Appellants' cause of action for failure to prosecute per section 510.140.   Appellants then filed a notice of intent to request a trial setting.[2]

---

**1.**  Appellants in this matter include the Missouri Attorney General, the Missouri Department of Natural Resources ("DNR"), and the Missouri Clean Water Commission.

Unless otherwise stated, all statutory references are to RSMo 2000 and all rule references are to Missouri Court Rules (2005).

**2.**  Section 510.140 states:

> For failure of the plaintiff to prosecute or to comply with this code or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, or in the event that the motion is granted and the

In opposing Appellants' request for a trial setting, Respondents set out in their responsive motion that pursuant to Twenty–Sixth Judicial Circuit Rule 36.1[3] "[d]iscovery [was] not complete in this matter, so that a trial setting is not possible...." Additionally, Respondents also set out that "[s]ince [Appellants] have taken no other action before this Court to move this matter to resolution, [Appellants] have failed to prosecute their cause of action, and the matter must be dismissed."[4]

On May 10, 2005, the Hon. Bruce Colyer, entered a docket entry dismissing Appellants' case "for failure to prosecute ... without prejudice."[5] Appellants then seasonably moved that the interlocutory order of dismissal be set aside. The Hon. Greg Kays heard argument on the issue from both parties on August 9, 2005. After taking the case under advisement, the trial court then entered its "Judgment of Dismissal" on August 15, 2005, noting in a docket entry dated August 12, 2005, that the trial court "d[id] not find [the prior] entry of dismissal to be an 'abuse of discretion.' Court does find it to be interlocutory [and] does file a [judgment] of dismissal." This appeal followed.

■ We note at the outset that Respondents have filed a motion to dismiss this appeal. They argue that because the underlying dismissal was without prejudice, there is no final, appealable judgment. Appellants counter by asserting that because they could not refile their action in the same court due to the two-year statute of limitations set out in section 516.390, the judgment at issue is, indeed a final, appealable judgment.[6] We agree with Appellants.

■ In the present matter, the trial court specifically dismissed the petition "without prejudice." "Generally, if a cause is dismissed without prejudice, it is not a final, appealable judgment." *Rhone v. Horton*, 139 S.W.3d 199, 200 (Mo.App. 2004); *see also Dehner v. Dehner*, 967 S.W.2d 684, 685 (Mo.App.1998) (holding that "[a] dismissal without prejudice for failure to prosecute is not a final judgment"). This is because "when an action is dismissed without prejudice, a plaintiff may cure the dismissal by filing another suit in the same court...." *Snelling v. Masonic Home of Missouri*, 904 S.W.2d 251, 252 (Mo.App.1995). "Rule 67.01 permits a party to bring another civil action for the same cause that has been dismissed

---

resulting judgment is later held erroneous, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief.

3. Twenty–Sixth Judicial Circuit Local Rule 36.1 states that "Circuit cases filed in the office of the circuit clerk WHICH ARE AT ISSUE AND IN WHICH DISCOVERY IS COMPLETE may be set for trial." (Emphasis in original).

4. No transcript of the dismissal motion was submitted for this Court's review.

5. Rule 67.03 states:

A defendant may move for an involuntary dismissal of the civil action for lack of jurisdiction, for prematurity of action, for fail-

ure to substitute a party for a decedent and for such other dismissals as are allowed by these Rules 41 through 101. Defendant may also move for an involuntary dismissal of the civil action for failure of the plaintiff to prosecute or to comply with these Rules 41 through 101 or any order of the court. Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify.

6. Section 516.390 states:

If the penalty is given in whole or in part to the state, or to any county or city, or to the treasury thereof, a suit therefor may be commenced, by or in behalf of the state, county or city, at any time within two years after the commission of the offense, and not after.

without prejudice unless the civil action is otherwise barred."[7] *Elrod v. Stewart*, 163 S.W.3d 587, 591 (Mo.App.2005).

■■■ However, "[a]n exception to this general rule is that an appeal can be taken where the dismissal has the practical effect of terminating the litigation in the form presented by the plaintiff." *State ex rel. Dos Hombres–Independence, Inc. v. Nixon*, 48 S.W.3d 76, 79 (Mo.App.2001). Further, an action is otherwise barred when the dismissal without prejudice operates to preclude a party from bringing another action for the same cause and may also be res judicata of what the judgment had actually decided. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). Additionally, "[w]hen the effect of the order is to dismiss a plaintiff's action and not merely the pleading, then the dismissal is appealable." *Doe v. Visionaire Corp.*, 13 S.W.3d 674, 676 (Mo.App.2000). " 'If the dismissal was such that a refiling of the petition at that time would be a futile act, then the order of dismissal is appealable.' " *State ex rel. Dos Hombres–Independence, Inc.*, 48 S.W.3d at 79 (quoting *Helms v. Am. States Ins. Co.*, 886 S.W.2d 220, 221 (Mo.App. 1994)). "Applying these exceptions, dismissals without prejudice have been held appealable in such cases where the dismissal was based on statutes of limitations . . ." issues. *Doe*, 13 S.W.3d at 676.

In the present matter, Appellants filed suit against Respondents in 2001 for actions which occurred in 1999 and 2000. The applicable statute of limitations for such actions is two years per section 516.390. *See Div. of Labor Stds., v. Walton Constr. Mgmt. Co.*, 984 S.W.2d 152, 156 (Mo.App.1998) (affirming the trial court's dismissal of the State's petition for penalties arising from a violation of the prevailing Wage law because of the running of the two-year statute of limitations). Accordingly, here, following the dismissal without prejudice by the trial court, Appellants would have been precluded from bringing another action for the same cause against Respondents. *See id.; Chromalloy*, 955 S.W.2d at 3; see *also Doe*, 13 S.W.3d at 676. Therefore, the trial court's judgment is appealable.

■■■ Turning now to Appellants' sole point on appeal, premised on the trial court's abuse of discretion in sustaining Respondents' motion to dismiss on the basis of failure to prosecute. We observe that "[a] trial court has inherent power, in the exercise of sound judicial discretion, to dismiss a case for failure to prosecute with due diligence, and a dismissal on that ground will not be disturbed on appeal unless such discretion was abused." *Cain v. Buehner and Buehner*, 839 S.W.2d 695, 697 (Mo.App.1992).

> Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration; if reasonable people can differ about the propriety of the trial court's action, it cannot be said the trial court abused its discretion.

*Id.* at 697–98. While "[w]e recognize that the courts of this state have a dislike for dismissals for failure to prosecute and prefer dispositions on the merits . . . there is a presumption that the trial court's decision is correct, and the appellant has the

---

7. Rule 67.01 states:
   A dismissal without prejudice permits the party to bring another civil action for the same cause, unless the civil action is other-

   wise barred. A dismissal with prejudice bars the assertion of the same cause of action or claim against the same party.

burden of demonstrating an abuse of discretion." *Waldorf Inv. Co. v. Farris,* 918 S.W.2d 915, 919 (Mo.App.1996) (internal citation omitted).

> We are mindful that trial courts must be able to control and expedite their dockets. But, it is of greater importance that the court's work 'should be done with care and discernment and that the court should be ever diligent and zealous in its unremitting efforts to attain the ends of justice.'

*Peet v. Randolph,* 103 S.W.3d 872, 877 (Mo.App.2003) (quoting *Laurie v. Ezard,* 595 S.W.2d 336, 338 (Mo.App.1980)). "The court's discretion to dismiss a case for failure to prosecute 'is not a mental discretion, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to serve the ends of substantial justice.'" *Id.* (quoting *Laurie,* 595 S.W.2d at 337). "As a matter of policy Missouri law favors the disposition of cases upon the merits, when possible." *Id.* "This is because 'the purpose of all courts is to do justice, and justice is best served when all litigants have a chance to be heard.'" *Id.* (quoting *Laurie,* 595 S.W.2d at 337).

■■■■ Although delay in prosecuting an action does not, of itself, justify dismissal for failure to prosecute, it is a factor to be considered. *Watkins Inv. Co. v. William B. Tanner Co.,* 684 S.W.2d 929, 936 (Mo.App.1985). "In making its decision to dismiss, the trial court may consider not only the length of delay, but attendant circumstances.... A fair test is whether the moving party had reasonable opportunity to bring the action to trial." *State ex rel. State Hwy. Comm'n of Missouri v. Milnes,* 573 S.W.2d 727, 728 (Mo.App.1978) (internal citations omitted). "'To dismiss a case for prior inactivity while it was being pursued could cause many cases to be dismissed which should not be.'" *Burkett v. Kansas City Missouri School*

*Dist.* 955 S.W.2d 567, 568 (Mo.App.1997) (quoting *Laurie,* 595 S.W.2d at 338). However, "a lengthy period of delay may be enough to warrant dismissal if the party has been warned that he must act with more diligence." *Watkins,* 684 S.W.2d at 937. "'[O]nly in an unusual situation should a case be dismissed for prior inactivity ... at a time when it appeared to be prosecuted toward trial.'" *Waldorf Inv. Co.,* 918 S.W.2d at 920 (quoting *Laurie,* 595 S.W.2d at 338).

■■■■ In the present matter, Appellants filed suit against Respondents on January 5, 2001. Thereafter, in addition to filing various legal documents with the trial court, the parties negotiated complicated issues involving water and sewage disposal and treatment systems relating to several lots and homes in the Lake of the Ozarks region for over two years. These activities ended with the parties approving and signing the proposed consent judgment previously mentioned. Based on the consent judgment, Westenhaver agreed, *inter alia,* to comply with the terms of the "Order Granting [Appellants'] Motion for Preliminary Injunction," and, as best we discern, made two penalty payments in 2003 in an effort to comply with the parties' proposed consent judgment. Then, on February 20, 2004, Respondents requested a hearing date of March 9, 2004, seeking the trial court's approval of the consent judgment. However, the matter was continued from that date and was not re-set by *either* party. Subsequently, on August 16, 2004, Respondents served Appellants with interrogatories and other additional discovery requests. On April 13, 2005, Appellants noticed Westenhaver for a deposition. Five days later, Respondents filed their motion to dismiss Appellants' cause of action for failure to prosecute.

Based on the foregoing, we determine the trial court abused its discretion in dis-

missing this matter for failure to prosecute. The record clearly shows that while neither party appears to have been exceedingly diligent in bringing this matter to trial, "steps were being taken toward [a resolution] at the time of [the trial court's] dismissal." *Laurie,* 595 S.W.2d at 338. In the present matter, negotiations had been on-going, agreements had been reached, and there were outstanding discovery requests pending at the time the trial court granted Respondents' request for a dismissal. Nothing in the record suggests the trial court had warned the parties 'about a possible dismissal of Appellants' cause of action.

Also, as best we discern, Respondents were not being prevented by the terms of either the proposed consent judgment or the preliminary injunction from engaging in their home development business, provided they did so in a lawful manner. " 'In determining whether to dismiss a dormant case, we believe that the time a case has been on file and its prior inactivity may be considered. However, to dismiss a case for ... inactivity while it was being pursued could cause many cases to be dismissed which should not be....' " *Waldorf Inv. Co. v. Farris,* 918 S.W.2d at 920 (quoting *Laurie,* 595 S.W.2d at 338). We perceive that this is one of those cases. Point granted.

The order of dismissal is reversed, and the cause is remanded for further proceedings consistent with this opinion.

SHRUM, P.J., and GARRISON, J. concur.