Leonil PARKER, Appellant,

v.

CITY OF KIRKWOOD and United States Fidelity and Guaranty Company, Respondents.

No. 41713.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 9, 1980.

Raymond Howard, St. Louis, for appellant.

Adrian DeYong, St. Louis, for respondents.

REINHARD, Judge.

Claimant appeals from an order of the circuit court sustaining the dismissal of his workmen's compensation claims by the Labor and Industrial Relations Commission. We reverse and remand to the circuit court.

From the meager record in this case, it appears that claimant filed three claims for

workmen's compensation within a short time span during his employment by the City of Kirkwood, and that in May of 1978, an administrative law judge of the Division of Workmen's Compensation (hereinafter referred to as the "Division") dismissed these claims.[1] The grounds for dismissal were that claimant had failed to appear at prehearing conferences scheduled for June 7, 1976 and May 31, 1977, and at hearings scheduled for October 20, 1977, January 30, 1978, and May 2, 1978. The Labor and Industrial Relations Commission (hereinafter referred to as the "Commission") denied claimant's subsequent application for review, and claimant then appealed to the circuit court which sustained the dismissal of the claims.

Although the Commission failed to send its entire file concerning these claims to the circuit court, additional documents from the Commission's file have been entered as exhibits before this court. The additional documents consist of hearing minute sheets and notices of hearings pertaining to AP–88037, AP–88038, and AO–113707.[2] On appeal, claimant contends that the circuit court erred in its ruling because, as a result of the Commission's failure to supply the entire file, there was no evidence before the court that the Division had sent claimant notice of the scheduled hearings, as required by sections 287.450 and 287.520, RSMo 1978.

We note initially that the Division has been granted the power to dismiss claims "for failure to prosecute in accordance with rules and regulations promulgated by the commission." Section 287.655, RSMo 1978. The Commission's rules, which we take judicial notice of under section 536.031.5, RSMo 1978 provide that:

> If claimant fails to enter his appearance either in person or by counsel at the first setting for hearing of his claim, and the same is continued, claimant shall be notified of the second setting by certified United States mail. If he fails to appear at the second setting, his claim may be dismissed for want of prosecution.

8 CSR 50–2.010(19). Thus, if the Division had properly given notice and claimant failed to appear at the first two scheduled hearings, the Division thereafter had discretion to dismiss the claims.

■ We also note, however, that the statute concerning dismissals of workmen's compensation claims provides that the order of dismissal "shall be deemed an award and subject to review and appeal in the same manner as provided for other awards in this chapter." Section 287.655, RSMo 1978. It appears, therefore, that orders of dismissal must, like the other awards of the agency, be supported on review by "sufficient competent evidence in the record to warrant the making of the award." Section 287.490, RSMo 1978.

Section 287.490.1, RSMo 1978, requires the Commission to "return to the court all documents and papers on file in the matter, together with a transcript of the evidence, the findings and award, which shall thereupon become the record of the cause" when the award is appealed to circuit court. In this case, as noted, the Commission neglected to send the court the hearing minute sheets and notices of hearing. As a result, the record placed before the circuit court contained the administrative law judge's findings and award, but not the documents upon which they were based. Because no hearing was held, there was no transcript of proceedings for the court to consider.

■ Thus, since no evidence supporting the award was presented to the circuit court, the court should not have indulged in speculation to sustain the award. *See Marcus v. Steel Constructors, Inc.*, 434 S.W.2d

---

1. Apparently claimant had claims bearing injury numbers AP–88037, AP–88038, and AO–113707 pending before the Division, all of which were ordered dismissed. For reasons unclear, the only documents before the circuit court dealt with an appeal in claim AP–88037 alone.

2. Even now, no documents (such as orders of dismissal, applications for review, or notices of appeal to circuit court) regarding any appeals in claims AP–88038 and AO–113707 appear in the file.

475, 481[3] (Mo.1968). We believe that the court should therefore make a new determination in this case based upon the whole record now available. To aid the court on remand, we have considered appellant's contention that only matters adduced during an actual hearing of the cause would be within the record and subject to the court's examination. This argument is refuted by section 287.490.1, RSMo 1978, which states that on appeal "all documents and papers on file [with the Commission] in the matter . . . [are part of] the record of the cause." Since all the documents and papers in the Commission's files in the matter are part of the record, the circuit court may properly examine any of them on review.

In light of the facts that the Commission failed to supply the circuit court with the entire record as required by § 287.490.1, RSMo 1978, and that there was insufficient evidence before the circuit court to support the award, we hereby reverse the order of the circuit court and remand the case to the court for a new review based upon the entire record supplied by the Commission.

DOWD, P. J., and CRIST, J., concur.