Betty J. WEBB, Plaintiff-Appellant,

v.

LABOR AND INDUSTRIAL RELATIONS COMMISSION OF MISSOURI, DIVISION OF EMPLOYMENT SECURITY, and Kathleen A. Stevenson, Defendants-Respondents.

No. WD 35492.

Missouri Court of Appeals,
Western District.

July 24, 1984.

Steven L. Hobson, Kansas City, for plaintiff-appellant.

Sharon A. Willis, Kansas City, Rick V. Morris, Jefferson City, for defendant-respondent Div. of Employment Sec.

Timothy P. Duggan, Jefferson City, for defendant-respondent Labor and Industrial Relations Com'n of Mo.

Before PRITCHARD, P.J., and SOMERVILLE and KENNEDY, JJ.

KENNEDY, Judge.

This is an appeal by an unemployment benefits claimant from a circuit court judgment which affirmed a Labor and Industrial Relations Commission decision denying claimant's application for review. The decision sought to be reviewed was that of an appeals referee dismissing her appeal from an adverse determination by a deputy, on the ground of claimant's failure to appear at the appeals hearing.

We reverse and remand for further proceedings.

Betty J. Webb applied for unemployment benefits, § 288.010 et seq., RSMo 1978. An interested employer filed a protest, saying that the claimant had quit her employment with that employer's restaurant in order to take another job.

The deputy imposed the statutory disqualification, § 288.050.1, RSMo Cum.Supp. 1982, giving as the reason: "The claimant quit to take another job. There is no evidence showing the new work was more remunerative. The separation from work was voluntary."

Claimant filed an appeal to the appeals tribunal, § 288.190, RSMo Cum.Supp.1982. Her notice of appeal alleged the reason for quitting her employment with the protesting employer was that she had been demoted and her wages reduced as a part of the employer's cutback in staff. She alleged also that the date of separation was an error; it was actually in April rather than May 27, 1982, as the deputy had determined.

A hearing was set for August 6, 1982, 11 o'clock a.m., before an appeals referee, and claimant was duly notified thereof. She did not appear. The appeal was dismissed.

■ The power of the appeals tribunal to dismiss the appeal on account of claimant's default in appearing is the first question on appeal. The question has been decided (during the pendency of this appeal) ad-

versely to claimant in our recent case of *Gee v. Industrial Relations Commission and Division of Employment Security,* 674 S.W.2d 69 (Mo.App.1984). While unlike the present case there was in effect at the time of the dismissed appeal in *Gee* a regulation, 8 CSR 10–5.040, which purported to authorize dismissal of an appeal for non-appearance of the appellant—a regulation which became effective March 9, 1983, after the present claimant's appeal was dismissed—the authority for dismissal for non-appearance was found in the inherent power of the tribunal, rather than in the regulation. The regulation was only a codification of the law as it had previously existed. The appeals tribunal in the present case had the inherent power to dismiss the appeal.

■ As a necessary corollary to the power of dismissal in such a case, however, the tribunal also had the inherent power to set aside the dismissal for good cause and to reinstate the appeal. The regulation above referred to gives the power of dismissal to the appeals tribunal if the non-appearance was "without good cause", which, as it is declarative of the previously existing law with respect to inherent power of dismissal, is declarative also of the law with respect to the claimant's right to relief from the dismissal.

Claimant has never had an opportunity to show good cause, if any she has, for her non-appearance and for vacating the dismissal. She has attempted in her application for review before the Labor and Industrial Relations Commission, § 288.200, RSMo 1978, and in her petition for judicial review in the Circuit Court of Jackson County, § 288.210, RSMo 1978, to present her reasons for her failure to appear. In both these proceedings, however, the review was upon the record made before the appeals tribunal and there was no opportunity to present original evidence.

■ The affidavit attached to the petition for review in the circuit court[1] shows

---

1. The affidavit attached to the petition states

that on the day for the appeals hearing, claim-

prima facie good cause for her failure to appear and the questions should be considered by a fact-finding tribunal upon the record. When applicant's application for review before the Labor and Industrial Relations Commission attempted to excuse her non-appearance at the appeals hearing, it would have been appropriate for the Commission either to hear evidence on that point or to remand the same to the appeals tribunal for that purpose, § 288.200, supra.

We therefore remand the case to the trial court to be in turn remanded to the appeals tribunal level for a hearing on the question of claimant's good cause for her non-appearance, upon due notice to the claimant. Should it be found in the discretion of the tribunal that she had good cause for her non-appearance, the order dismissing the appeal should be set aside and the claim then should be heard upon the merits. In the interest of economy, both issues may be considered at the same hearing.

Our decision makes moot two other points raised by appellant. Those points are that the trial court erred in denying her motion to have included in the record a certain "work sheet" of the deputy, and her further claim that the contents of the work sheet should be considered as evidence, and that the merits of the claim should be determined upon the basis thereof.

Judgment reversed and cause remanded for further proceedings in pursuance of our opinion.

All concur.

---

ant was taking a scheduled aptitude test for non-traditional kinds of work. The test, which was at 6310 Rockhill Road in Kansas City, would have been over in time for her to attend the hearing, but was 45 minutes late in starting and was longer than she had believed it would be. It was completed at 10:50 a.m. The appeals hearing was set for 11 o'clock a.m. at an address five or six miles distant through city strets. She tried from the nearby Employment Security Office (6398 Troost) to reach the appeals referee by phone but was unable to do so. An employee of the Employment Security Office there suggested that she call the referee within the next few days to reschedule the hearing. She attempted on three later dates to call the referee, but was told he was ill. Failing to reach him a third time, on August 10, she went back to the 63rd Street Employment Security Office and was advised to await the decision of the referee and appeal it if it was adverse to her.