**John Marvin ROSS, Appellant,**

v.

**SAFEWAY STORES, INC., and Wendell Bailey, Treasurer of the State of Missouri, Custodian of the Second Injury Fund, Respondents.**

**No. 15221.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 15, 1987.

Barry R. Langford, Tom Noland, Spencer, Scott & Dwyer, P.C., Joplin, for appellant.

Raymond E. Whiteaker, Woolsey, Fisher, Whiteaker & McDonald, Springfield, Safeway Stores, Inc.

No appearance for respondent Wendell Bailey, Treasurer of the State of Missouri, Custodian of the Second Injury Fund.

CROW, Chief Judge.

John Marvin Ross ("claimant") appeals from an order of the Labor and Industrial Relations Commission ("the Commission") affirming an order of an administrative law judge ("ALJ") of the Division of Workers' Compensation ("the Division") dismissing claimant's claim for compensation under "The Workers' Compensation Law," chapter 287, RSMo 1978, as amended. As explained more fully *infra*, no evidentiary hearing was ever held; consequently, the record before us is entirely documentary.

Examining the documents in chronological order, we learn that on October 29, 1984, claimant's employer, Safeway Stores, Inc. ("Safeway") filed with the Division a report of injury, stating that claimant alleged he had been injured October 9, 1984, by an accident arising out of and in the course of his employment.

Conferences were thereafter conducted on three different occasions by a "Legal Adviser" of the Division: February 25, 1985; May 10, 1985; September 9, 1985. Claimant appeared in person at each conference, and Safeway and its insurer appeared by attorney at each. The "Conference Minute Sheet" of the conference on September 9, 1985, bears this notation: "Employee will hire an atty."

On September 11, 1985, claimant filed a claim for compensation. The claim identified Ross Myers of Wohlner & Associates, Kansas City, Missouri, as claimant's attorney.

On January 7, 1986, the ALJ conducted a prehearing conference. Attorney Myers appeared for claimant; Safeway and its insurer appeared by attorney. The "Hearing Minute Sheet" bears this notation: "Claimant needs medical report."

On March 28, 1986, the Division received a letter on the letterhead of Wohlner & Associates. The letter, dated March 26, 1986, stated in pertinent part:

"RE: ...

Employee: John Marvin Ross
Employer: Safeway Stores
Date of Accident: October 9, 1984

. . . .

By this letter, please take notice that Wohlner & Associates and its employee, Ross S. Myers, hereby withdraw as attorneys of record for the employee in the above referenced workers' compensation *proceeding. . . .*

Respectfully,

s/ Ross S Myers"

At the foot of the letter was a notation that copies had been sent to (a) the attorney for Safeway and its insurer, (b) the ALJ, and (c) claimant.

Another prehearing conference was conducted by the ALJ April 8, 1986. Safeway *and its insurer appeared by attorney.* Claimant failed to appear. The record is bare as to whether notice of the conference had been sent to claimant.

The claim was set for hearing July 22, 1986. Safeway and its insurer appeared that date by attorney. Claimant failed to appear. Again, the record is bare as to whether claimant had been sent notice.

*Before chronicling further events, we set forth* § 287.655, RSMo 1978:

"Any claim before the division may be dismissed for failure to prosecute in accordance with rules and regulations promulgated by the commission. To dismiss a claim the administrative law judge shall enter an order of dismissal which

shall be deemed an award and subject to review and appeal in the same manner as provided for other awards in this chapter."

As authorized by § 536.031.5, RSMo 1986, we take judicial notice of 8 CSR 50–2.010(19) promulgated by the Commission, which applies to the Division. It says:

"If claimant fails to enter his appearance either in person or by counsel at the first setting for hearing of his claim, and the same is continued, claimant shall be notified of the second setting by certified United States mail. If he fails to appear at the second setting, his claim may be dismissed for want of prosecution."

When claimant failed to appear for the hearing on July 22, 1986, the ALJ rescheduled the claim for hearing October 28, 1986, and ordered that claimant be notified of the setting by certified mail. As shall appear more fully *infra,* claimant received the notice several weeks prior to the hearing date.

On October 28, 1986, Safeway and its insurer appeared by attorney. Claimant failed to appear.

On November 5, 1986, the ALJ entered an "Order of Dismissal," reciting that inasmuch as notice of the October 28, 1986, hearing had been directed to claimant at his last known address by certified mail, and claimant had failed to appear ready for hearing on said date, his claim for compensation was therewith dismissed.

On November 18, 1986, claimant, assisted by the attorneys now representing him in this appeal, filed with the Commission an application for review of the ALJ's order of dismissal. The application averred:

"[Claimant] acknowledges receipt of Notice of Hearing dated September 17, 1986. Upon receipt of said Notice, [claimant] immediately contacted the attorney whom he understood he had retained to represent him in this matter. He was told by the attorney's secretary that he need not appear at the hearing unless the attorney notified him at a later time. The [claimant] was not contacted by the attorney and assumed that his interests were being protected.

After receipt of the Order of Dismissal, the [claimant] again contacted the attorney and received a written response, a copy of which is ... attached hereto. [Claimant] submits that he has acted in good faith to prosecute his claim; that an honest misunderstanding existed between him and the attorney he thought was representing him, and that dismissal of his claim will deny him the opportunity of obtaining the relief to which he may be entitled."

Attached to claimant's application for review was a copy of a letter on the letterhead of Hershewe & Gulick, Attorneys at Law, Joplin, Missouri. It was addressed to claimant and his wife, dated November 7, 1986, and said:

"As I indicated to Mary on the phone we did not undertake any representation in this matter until you had obtained a doctor who had given you a rating. We told you we would submit you to a doctor if you would advance the expenses, but to date you have never advanced the expenses for the examination.

It is my decision that on your dismissal that you should refile your claim and file an application with the Industrial Commission. As I indicated to you on the phone, we are not interested in representing you on this matter.

Very truly yours,
HERSHEWE & GULICK
s/ Edward J. Hershewe"

On April 24, 1987, an order bearing the signatures of two of the three members of the Commission was entered. It provided in pertinent part:

"After having reviewed the whole record, the Commission finds that the Order of Dismissal for want of prosecution was within the discretionary authority of the [ALJ] who entered it. The Commission will not interfere with an Order of Dismissal in the absence of a clear showing that the order was an abuse of that discretion. The conduct of the Division was fair to all parties and complied with all statutory requisites. Accordingly, the Commission finds that

the Order of Dismissal issued by the [ALJ] on November 5, 1986 should be and is hereby affirmed."

The third member of the Commission filed a dissenting opinion. It said:

"It is my opinion that this claim for compensation should be reinstated and that the Commission should remand this matter to the Division ... for a hearing on the merits of the claim. The [claimant] in this appeal made a good faith effort to prosecute his appeal. His Application for Review credibly alleges contact with the attorney whom he understood he had retained to represent him in this matter. The [claimant] was told by the attorney's secretary that he did not need to appear at the hearing unless the attorney notified him. The claimant was justified in his assumption that his rights were being protected. It was not until after he received the Order of Dismissal that he received written notification from the attorney stating the attorney was not representing him. In a situation such as this, where there is an honest misunderstanding between [a claimant] and the attorney he thought was representing him, the majority's order upholding of the dismissal is punitive. The misunderstanding was at least as much the fault of the attorney as it was the [claimant], and yet only the [claimant] suffers as a result. Outright dismissal of a workers' compensation claim is a very harsh consequence, and should be done only in situations where there has been a clear and willful failure to prosecute the claim. Such is not the case in this instance, and therefore I firmly believe the majority should have reinstated this claim in order to prevent an injustice."

Claimant filed a timely notice of appeal to this Court from the Commission's order of April 24, 1987. §§ 287.495 and .655, RSMo 1986. His brief presents three points, the first of which states:

"The ... Commission erred in affirming the order of dismissal of the [ALJ] in that the reliance by the [claimant] upon representations made by a legal secretary at an attorney's office demonstrated

good cause for his failure to appear on October 28, 1986, and, therefore, the facts found by the Commission do not support the award."

The above point's reference to "the facts found by the Commission" puzzles us. The order signed by two of the three Commission members, quoted *supra*, contains no findings of fact. It merely holds that (1) the ALJ's dismissal for want of prosecution was within the discretionary authority of the ALJ, (2) the Commission will not interfere with an order of dismissal absent a clear showing that the order was an abuse of discretion, and (3) the conduct of the Division was fair to all parties and complied with all statutory requisites..

The only ostensible findings of fact are in the dissenting opinion, quoted *supra*. The dissent appears to accept as true the allegations in claimant's application for review wherein claimant avers that he understood he had retained an attorney to represent him after attorney Myers withdrew, that claimant was told by the attorney's secretary that he did not need to appear at the hearing unless the attorney notified him, and that it was not until after claimant received the ALJ's order of dismissal that he received the letter from the attorney stating the attorney was not representing him. The dissent, as we understand it, found there was an honest misunderstanding between claimant and the attorney which was at least as much the fault of the attorney as it was the fault of claimant.

There was, of course, no testimony before the Commission to support such findings. Indeed, there was not even an affidavit. Furthermore, claimant's application for review, which set forth his version of the facts, was not even signed by him—it was signed by one of the attorneys now representing him.

Having made those observations, we turn our attention to cases where a party has obtained judicial review of an order of an administrative agency dismissing such party's claim because of failure to appear at a scheduled hearing or failure to prosecute.

In *Parker v. City of Kirkwood*, 605 S.W.2d 210 (Mo.App.1980), an employee filed three claims for workers' compensation benefits. All three were ultimately dismissed by an ALJ for failure of the employee to appear at prehearing conferences and at hearings. The Commission denied the employee's application for review, after which the employee appealed to the circuit court. When that court upheld the Commission, the employee appealed to the Court of Appeals. The latter noted that the record supplied by the Commission to the circuit court failed to include documents demonstrating that the Division had sent the employee notice of the scheduled hearings. *Id.* at 211. Consequently, said the opinion, there was no evidence before the circuit court supporting the Commission's award, and the circuit court should not have indulged in speculation to sustain it. *Id.* The judgment of the circuit court was reversed and the cause was remanded to the circuit court with directions to consider additional documents supplied by the Commission (including notices of the hearings), and to make a new determination upon the whole record as to whether there was sufficient competent evidence to support the award.

In *Cade v. Bendix Corp.*, 564 S.W.2d 608 (Mo.App.1978), a referee[1] of the Division dismissed a claim for workers' compensation benefits "for want of prosecution." The Commission affirmed the referee's order and, on appeal by the employee to the circuit court, the latter upheld the Commission. The employee then appealed to the Court of Appeals, which affirmed the judgment. Pertinent to the instant case, the opinion said:

> "The power of referees to dismiss workmen's compensation claims for want of prosecution is not a raw, unbridled power. Like comparable discretionary powers possessed by both judicial and quasi-judicial bodies, it is subject to judicial review to ferret out and remedy arbitrary or capricious dismissals which smack of abuses of discretion." *Id.* at 610.

In *Webb v. Labor and Industrial Relations Commission*, 674 S.W.2d 672 (Mo. App.1984), an applicant sought benefits under the "Missouri Employment Security Law," chapter 288, RSMo 1978, as amended. A deputy of the Division of Employment Security found against the applicant, whereupon the applicant appealed to an appeals tribunal. The latter set a hearing and notified the applicant. When the applicant failed to appear at the hearing, the appeals tribunal dismissed the appeal. The applicant then filed an application for review with the Commission, attempting to present her reasons for failing to appear before the appeals tribunal. The Commission, confining its review to the record made before the appeals tribunal, denied the application for review. The applicant then filed a petition for review in the circuit court, to which she appended an affidavit stating that on the date of the hearing before the appeals tribunal, she was taking a scheduled aptitude test for sundry kinds of work. The test, according to the applicant, was scheduled to have been over in time for her to attend the hearing; however, the test was late in starting and lasted longer than expected, leaving applicant insufficient time to reach the site of the hearing. Applicant's affidavit stated she tried to reach the appeals tribunal by phone on the date of the hearing and on three later dates, but was unsuccessful.

The circuit court upheld the Commission, again limiting review to the record made before the appeals tribunal. The applicant appealed to the Court of Appeals, which held that as a necessary corollary to the power of an appeals tribunal to dismiss an appeal for failure of a party to appear, the tribunal also had inherent power to set aside the dismissal for good cause and to reinstate the appeal. *Id.* at 673[2]. The Court further noted that the applicant had never had an opportunity to show good cause, if any she had, for her nonappearance, and that her affidavit showed "prima facie good cause for her failure to appear and the questions should be considered by a fact-finding tribunal upon the record."

---

**1.** Referees became ALJs per § 287.610, RSMo Supp.1977.

*Id.* at 673–74. The Court added that when the applicant's application for review before the Commission attempted to excuse her nonappearance, it would have been appropriate for the Commission either to have heard evidence on that point or to have remanded the case to the appeals tribunal for that purpose. *Id.* at 674. The Court of Appeals reversed the judgment and remanded the case to the trial court, to be in turn remanded to the appeals tribunal level for a hearing on the question of the applicant's good cause for nonappearance. The Court concluded:

"Should it be found in the discretion of the tribunal that [applicant] had good cause for her non-appearance, the order dismissing the appeal should be set aside and the claim then should be heard upon the merits." *Id.*

Returning now to the instant case, we acknowledge that the scope of our review is established by § 287.495.1, RSMo 1986, which states in pertinent part:

"Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award."

■ We next observe that at the time the ALJ entered the order of dismissal, the ALJ knew only that claimant had failed to appear at the hearing on October 28, 1986, after having been sent timely notice thereof. Consequently, the facts of which the ALJ had knowledge amply supported the ALJ's decision to dismiss the claim for want of prosecution.

■ Circumstances were different, however, when the Commission made its decision on claimant's application for review. The application, as we have seen, set forth allegations of fact purporting to show good cause for claimant's failure to appear before the ALJ. There was, of course, no way absent an evidentiary hearing to determine the truth or falsity of those allegations.

The order of April 24, 1987, signed by two of the Commission members made no mention of claimant's proffered explanation; it merely held that the dismissal was within the discretionary authority of the ALJ. We cannot discern from the order whether the two Commission members (a) ignored claimant's explanation or (b) disbelieved it.

One thing seems clear, however, and that is that the dissenting Commission member did believe claimant's explanation. In that regard, we point out that to accept claimant's explanation as true, without an evidentiary hearing at which Safeway and its insurer are afforded an opportunity to confront claimant and refute his asseverations, is patently unfair to Safeway and its insurer.

In sum, we have before us a majority ruling by the Commission which fails to set forth the findings of fact, if any, on which it is based, and a dissent that seemingly finds facts from unsworn allegations in claimant's application for review.

With the case in this posture, we hold that the order of the Commission affirming the ALJ's order of dismissal should be reversed and that the claim should be remanded to the Commission with directions that an evidentiary hearing be held to determine the truth or falsity of the allegations in claimant's application for review.

Such a disposition is within the bounds of our review authority. As noted *supra,* we are empowered to reverse a final award of the Commission on the ground that there is not sufficient competent evidence in the record to warrant it. In this case, the sole issue presented to the Commission by claimant's application for review was

whether the dismissal of his claim for want of prosecution was an abuse of discretion. Claimant's averments, like those of the applicant in *Webb*, stated prima facie good cause for claimant's failure to appear. If claimant indeed had good cause for failure to appear, the Commission's affirmance of the ALJ's order of dismissal would constitute an abuse of discretion by the Commission. At present, however, there is *no* evidence in the record to support a finding either that claimant did, or did not, have good cause for failure to appear.

We do not, of course, venture an opinion as to the credibility of claimant's explanation. That is a task for a fact finder, not us. We likewise express no view as to who the fact finder should be. The dissenting Commission member opined that the Commission was authorized to remand the claim to the Division for a hearing on the merits of the claim. If that supposition be sound, it arguably follows that the Commission is authorized to remand the claim to the Division for an evidentiary hearing on claimant's tendered explanation for his nonappearance. In any event, the Commission itself is authorized to hear evidence in addition to that before the ALJ. § 287.480, RSMo 1986; *Lake v. Midwest Packing Co.,* 301 S.W.2d 834, 835[2] (Mo.1957); *Reece v. St. Joseph Lead Co.,* 465 S.W.2d 849, 852[3] (Mo.App.1971).

Having reached the conclusions set forth above, we need not further consider claimant's first point, and we need give no attention to his other two.

The order of the Commission of April 24, 1987, affirming the ALJ's order of dismissal is reversed and the claim is remanded to the Commission with directions that an evidentiary hearing be held to determine (a) the facts surrounding claimant's failure to appear at the hearing October 28, 1986, and (b) whether such facts constitute good cause for claimant's nonappearance.

If, from the evidence adduced at such hearing, the Commission finds that claimant lacked good cause for failing to appear at the October 28, 1986, hearing, the Commission may properly enter a final award affirming the ALJ's order of dismissal. If,

from the evidence adduced at such hearing, the Commission finds that claimant had good cause for failing to appear at the October 28, 1986, hearing, the Commission shall vacate and set aside the ALJ's order of dismissal and direct that the Division afford claimant a reasonable opportunity for a hearing of his claim on the merits.

GREENE, P.J., and HOLSTEIN, J., concur.