### ELEVEN STAR, INC., d/b/a Shopper II, Appellant,

v.

### DIRECTOR OF REVENUE, STATE of Missouri, Respondent.

### No. WD 40895.

Missouri Court of Appeals, Western District.

Feb. 7, 1989.

Bob House, Ava, for appellant.

William L. Webster, Atty. Gen., Mark S. Siedlik, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

This case presents the question of whether or not the Administrative Hearing Commission has the power to set aside an order of dismissal entered by it. Finding the answer to be in the affirmative, the decision of the Commission is reversed and this cause remanded.

Eleven Star, Inc., d/b/a Shopper II filed a petition for review with the Administrative Hearing Commission from assessments for unpaid sales and use taxes made by the Director of Revenue. The Commission mailed a certified letter to all counsel setting a hearing for July 5, 1988. At the scheduled time for the hearing the Director was represented but no one appeared on behalf of Eleven Star. The Commissioner before whom the matter was pending, entered an order of dismissal on July 12, 1988 for failure of Eleven Star to appear at the hearing.

On August 2, 1988, counsel for Eleven Star filed a motion to reinstate and set aside the dismissal and set out reasons for

his failure to appear at the hearing. On the same day the motion to reinstate was filed the Commissioner entered an order stating that the Commission was without jurisdiction to consider or rule on the motion to reinstate. The order recited that the Commission has no inherent power or authority to reclaim jurisdiction and cannot exercise judicial powers. The Commission relied on *State Tax Comm'n v. Administrative Hearing*, 641 S.W.2d 69 (Mo.banc 1982). That case is not applicable because it dealt with the power of the legislature to authorize the Commission to exercise judicial power. It did not deal with the power of the Commission to set aside an order of dismissal. This case does not involve the question of the exercise of judicial power by the Commission.

In *Gee v. Labor and Indus. Rel. Comm'n of Mo.*, 674 S.W.2d 69, 71[1, 2] (Mo.App.1984), this court held "that an administrative body exercising quasi-judicial power, ... has the power to dismiss an appeal for failure to prosecute after due notice is given unless prohibited by statute." The Administrative Hearing Commission is an administrative body exercising quasi-judicial power and under *Gee* has the power to dismiss an appeal for failure to prosecute.

No one questions on this appeal that the Commission had the power to dismiss the petition for review and in fact 4 C.S.R. 20–3.140,[1] adopted by the Commission, authorizes the Commission to dismiss an action pending before the Commission.

The question on this appeal relates only to the power of the Commission to reinstate or set aside an order of dismissal. That question was answered by this court in *Webb v. Labor and Indus. Rel. Comm'n*, 674 S.W.2d 672, 673[2] (Mo.App. 1984). In *Webb* this court held that an administrative body has the inherent power to set aside a dismissal for good cause as a necessary corollary to the power of dismissal and it has the inherent power to reinstate the appeal. This court reaffirms *Webb* and holds that an administrative body has the inherent power to set aside a dismissal which the administrative body has entered for good cause shown.

The Commission raises the question as to the time limit within which the Commission would have to set aside a dismissal in view of § 621.189, RSMo 1986, which requires the petition for review from the final decision of the Administrative Hearing Commission to this court to be filed within 30 days after the mailing or delivery of the final decision. There is no question about the timeliness of the petition for review in this court because such petition was filed within the time limit.

It is true the petition for review from the Administrative Hearing Commission must be filed in this court within 30 days after the final decision and that this court cannot extend that time. *Dorrell Re-insulation Systems v. Director of Revenue*, 622 S.W. 2d 516 (Mo.App.1981). However, the 30 day limit on taking an appeal from the Commission does not divest the Commission of the power to set aside the dismissal entered by it. The 30 day limit on the appeal from the decision of the Commission simply means that the party appealing to this court from the Commission decision must file a motion to set aside the dismissal and obtain a final decision from the Commission reinstating the petition prior to the expiration of the 30 days following the final decision. If the Commission does not set aside the dismissal within the 30 day time limit, the order of dismissal would stand unless a petition for review were filed in this court within that time.

The net result is that as a practical matter the Commission could enter an order setting aside a dismissal within 30 days after such order was made. In that event there would be no final decision from which an appeal could be taken. But the affected party would still be required to file a petition for review in this court within 30 days of the dismissal in the event the Commission did not set aside such dismissal.

Eleven Star contends in this court that it demonstrated good cause for the dismissal to be set aside. However, because of the view the Commission took that it had no

---

1. Now 1 C.S.R. 15–3.140.

power to set aside the dismissal, the Commission did not consider the facts and made no decision concerning whether or not good cause was shown. In *Webb* this court held that the question of good cause should first be considered by the administrative body. In line with *Webb* the question of whether or not Eleven Star demonstrated good cause should initially be considered by the Commission and the Commission should exercise its discretion and determine whether or not good cause has been shown to set aside the dismissal.

The order of dismissal entered by the Commission is reversed and this cause is remanded to the Commission with directions to consider the motion to reinstate on its merits.

Because the petition for review must be filed in this court within 30 days (after the mailing or delivery of the final decision of the Commission) the time elapsed between the mailing or delivery of the final decision and the order refusing to reinstate must be charged against Eleven Star. The record does not provide the dates from which this court can calculate the time remaining in the 30 days. Eleven Star will have the remainder of the 30 day period from the date the mandate of this court is filed with the Commission within which to obtain an order from the Commission setting aside its order of dismissal. Failing to obtain an order from the Commission setting aside the order of dismissal, Eleven Star must file its petition for review with this court within such time if it desires to appeal.

All concur.