Mattie Jewell ROBINSON, Appellant,

v.

MISSOURI DEPARTMENT OF COR-
RECTIONS, BOARD OF PROBATION
AND PAROLE, Respondent.

No. 58510.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 8, 1991.

Fredman, Fredman, Kopf & Becker,
Randall B. Kopf, St. Louis, for appellant.

William E. Roussin, Sp. Asst. Atty. Gen.,
Chesterfield, for respondent.

KAROHL, Judge.

Claimant, Mattie Jewell Robinson, ap-
peals from an order of the Labor and In-
dustrial Relations Commission (Commis-
sion) affirming the dismissal of claimant's
worker's compensation benefits claim for
want of prosecution. We affirm.

Claimant began working as a probation
and parole officer with the Missouri De-
partment of Corrections, Board of Proba-
tion and Parole, on August 15, 1979. On
February 17, 1987, a clinical psychologist
determined that claimant suffered from in-
capacitating job-related stress and was con-
sequently unable to return to her duties.
She filed a claim on August 30, 1988. No
one appeared at a setting on August 14,
1989. No one appeared at a hearing set on
certified mail notice to claimant and her
attorney for February 20, 1990.

On March 6, 1990, Administrative Law
Judge Robert E. Wieland issued an order
of dismissal pursuant to § 287.655 RSMo
Cum. Supp.1989, which provides for dismis-
sal of any claim for failure to prosecute in
accordance with the rules and regulations
promulgated by the Commission. On
March 22, 1990, claimant filed a motion to
set aside the order of dismissal and rein-
state claim with the Commission stating
claimant's failure to appear at the hearing
was due "to a docketing error by her coun-
sel." She claimed an "excusable error by
her attorney."

The Commission denied the motion. It
concluded the stated reason for failing to
appear at the hearing did not give rise to a
prima facie showing of good cause for non-
appearance as discussed in *Ross v. Safe-
way Stores, Inc.*, 738 S.W.2d 611 (Mo.App.
1987). The sole issue on appeal is whether
the Commission erroneously affirmed the
dismissal of the claim.

We refer claimant to Rule 84.04 which
sets forth the requirements for contents of
appellate briefs. Specifically, Rule 84.04(d)
requires claimant to briefly and concisely
state "wherein and why" the Commission's
order is erroneous. In *Thummel v. King*,
570 S.W.2d 679 (Mo. banc 1978) the court
stated the requirement serves not as a
mere "judicial word game" but rather as a

"threshold function" to give notice to the party opponent of the precise matters at issue. *Id.* at 686. Rule 84.04(d) ensures we will be properly informed of the issues presented for resolution and limits the appellate function to review without the risk of advocating. *Id.* We add a belief that this court and the Commission should not be required to speculate on matters which may easily be presented.

■ Claimant's point relied upon states as follows: "WHETHER THE LABOR AND INDUSTRIAL RELATIONS COMMISSION ERRONEOUSLY AFFIRMED THE ADMINISTRATIVE LAW JUDGE'S DISMISSAL OF THE CLAIM?" While this statement sets forth the ruling sought to be reviewed, it fails to state wherein and why claimant believes the ruling is erroneous. A brief which fails to state wherein and why the trial court erred is plainly deficient. *Id.* Such a deficiency is adequate grounds for dismissal of the appeal. *Id.*

■ However, we elect to consider the appeal and find the Commission acted within its authority in affirming the dismissal of claimant's worker's compensation claim. The applicable standard of review is established by § 287.495.1 RSMo 1986, which states in pertinent part:

Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Claimant relies on *Ross v. Safeway Stores, Inc.*, 738 S.W.2d 611 (Mo.App.1987).

She argues the Commission erred in upholding the dismissal of her claim because there was no sufficient competent evidence in the record to warrant the making of the award. *See* § 287.495.1 RSMo 1986. She contends a recent line of cases, including *Ross*, requires the Commission to hold an evidentiary hearing to determine: (1) whether the administrative law judge abused its discretion; and (2) whether claimant's application for review sets forth a prima facie case of good cause for nonappearance at the claim hearing.

Claimant argues if allowed an evidentiary hearing, she can prove good cause. Claimant states her evidence would be that her attorney's office experienced "great turmoil" the week of the hearing. The father of one attorney in the law firm representing claimant died within that period. A close friend of another attorney in the office underwent emergency heart surgery and subsequently died. These events apparently placed great strains on the four-lawyer law firm, resulting in a failure of the firm's cross-checking procedures. Consequently, the secretary did not detect her error in failing to note that this matter was set upon certified notice or the office docket book. For these reasons counsel was unable to arrange for a continuance. Furthermore, claimant states that she called her attorney's office the day before the hearing and the secretary told her that she need not attend the hearing because counsel would be present.

Employer correctly argues these explanations were not the basis for relief in the motion before the Commission. Section 287.495.1 forecloses our consideration of factual matters not before the Commission which claimant sets forth for the first time on appeal.

*Ross* does not require the Commission to hold an evidentiary hearing on every motion to set aside a dismissal in order to determine if a claimant has made a prima facie case of good cause for nonappearance. *Ross*, 738 S.W.2d at 611. In *Ross* claimant phoned his attorney the day before the hearing was set upon certified notice. *Id.* at 613. A secretary told him

his presence was not required. *Id.* Claimant failed to appear at the hearing and the administrative law judge dismissed the claim. *Id.* The attorney had previously withdrawn from representation and claimant did not receive written notice of the withdrawal until after he received the order of dismissal. *Id.* Claimant's application for review by the Commission set forth detailed allegations of facts purporting to show good cause for claimant's failure to appear at the hearing. *Id.* The Commission's order made no mention of the explanation and merely stated the dismissal was within the discretionary authority of the administrative law judge. *Id.* at 613–614.

On appeal the Southern District of this court reversed and remanded the cause on grounds that claimant's averment stated a prima facie case for good cause, and warranted an evidentiary hearing to determine the truth or falsity of the allegations. *Id.* at 616–617. The court stated that the record on appeal contained no evidence to support a finding either that claimant did or did not have good cause for failure to appear. *Id.* at 617. Thus, *Ross* held a claimant who pleads facts which, if proven, would warrant setting aside a dismissal is entitled to an evidentiary hearing to determine whether the statements are true or false.

Here, claimant's allegation of good cause consisted of one sentence: "That the failure of claimant to appear after certified notice was due to a docketing error by her counsel and not by an action of the claimant." The application makes no mention of the alleged event taking place in claimant's attorney's office the week of the hearing. It does not mention claimant's telephone call to the secretary whereupon she contends she was told her attendance was not required at the hearing. Based solely upon the information before it, the Commission ruled that claimant's stated reasons did not give rise to a prima facie case for good cause under *Ross*.

In light of *Ross*, the Commission was entitled to believe claimant's reason for failing to appear at the claim hearing and conclude the reason as stated was insuffi-

cient to state a prima facie case for good cause. The evidence in the record, accepting claimant's explanation as true, warranted this conclusion.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.