

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| NAINA CHUHAN, | ) | No. ED111512 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| v. | ) | |
| | ) | |
| ERGOSAFE PRODUCTS LLC, et al., | ) | Filed: November 21, 2023 |
| | ) | |
| Respondents. | ) | |

### Introduction

Naina Chuhan ("Chuhan") appeals the decision of the Labor and Industrial Relations Commission dismissing her Application for Review. Chuhan argues her Application for Review satisfied the minimum pleading requirements of 8 C.S.R. 20-3.030(3)(A).[1] We affirm the decision of the Commission.

### Factual and Procedural History

On January 19, 2015, Chuhan notified her employer, Ergosafe Products, LLC ("Ergosafe"), of an injury she suffered while at work. Chuhan indicated she injured her knee and shoulder after she slipped and fell. On June 1, 2015, Chuhan filed a claim for compensation with the Division of

---

[1] All C.S.R. references are to the Code of State Regulations (July 31, 2022).

1

Workers' Compensation. On July 6, 2015, Chuhan filed a second claim, this time with the assistance of counsel. Nearly six years later, on May 20, 2021, Chuhan's counsel filed a motion to withdraw, stating Chuhan wanted to terminate the legal representation. The administrative law judge granted the motion. Subsequently, new counsel for Chuhan filed an entry of appearance dated November 30, 2021, with a certificate of service dated May 30, 2021.

On June 7, 2022, the Division of Workers' Compensation mailed an order to Chuhan requiring her to show cause why her claim should not be dismissed for failure to prosecute. Chuhan was to email the administrative law judge the status of her case by August 24, 2022. On August 25, 2022, counsel for Hartford Casualty Insurance Company ("Hartford"), Ergosafe's insurer, emailed the administrative law judge. In the email, counsel for Hartford stated the matter had been set by certified notice on the pre-hearing docket for the day before, August 24, 2022, and he had not received an entry for an attorney representing Chuhan. He asked the administrative law judge to let him know if a dismissal order had been entered.

On August 29, 2022, the administrative law judge entered an order of dismissal with prejudice for Chuhan's failure to show cause why her claim should not be dismissed. On September 16, 2022, Chuhan, through her new counsel, filed an Application for Review with the Labor and Industrial Relations Commission. The application, in the attachment section, states, "Please see attached Entry of Appearance, marked 'received' by the Division of Workers' Compensation on November 30, 2021." Attached to the application were counsel's entry of appearance dated November 30, 2021, and business card.

Ergosafe and Hartford moved to dismiss the Application for Review because it failed to meet the pleading requirements of 8 C.S.R. 20-3.030(3)(A). They argued the application did not

2

state the reasons Chuhan believed the administrative law judge erred and the order was not properly supported.

The Labor and Industrial Relations Commission dismissed Chuhan's Application for Review. The Commission concluded the application failed to "state specifically the reason the applicant believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported as required by 8 C.S.R. 20-3.030(3)(A)." The Commission also found that Chuhan "made no efforts to provide specific reasons, but merely referred the Commission to documents attached to the application." In a dissenting opinion, one of the commissioners opined that Chuhan satisfied the pleading requirements because the documents attached to the Application for Review communicated "questions as to whether employee was represented by counsel at the time of the show cause docket setting and, if so, whether the Division of Workers' Compensation provided employee proper notice of that August 24, 2022 docket setting."

Chuhan filed a motion for reconsideration, which the Commission denied. Chuhan now appeals to this Court.

## Discussion

In her sole point on appeal, Chuhan argues the Commission erred in dismissing her Application for Review because the application satisfied the minimum pleading requirements of 8 C.S.R. 20-3.030(3)(A).

<u>Standard of Review</u>

"The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other: (1) That the commission acted without or in excess of its powers; (2) That the award was procured by fraud;

3

(3) That the facts found by the commission do not support the award; (4) That there was not sufficient competent evidence in the record to warrant the making of the award." Section 287.495.[2] "When the Commission dismisses an application for review, the only ground for this Court's review is whether the Commission acted without or in excess of its power." *Crawford v. Ronald McDonald House Charities*, 587 S.W.3d 696, 698 (Mo. App. S.D. 2019).

Analysis

An interested party in a contested case may appeal from the final award, order, or decision of an administrative law judge by making an application for review with the Commission as provided in Section 287.480. *See* 8 C.S.R. 20-3.030(1). "An application for review of any final award, order, or decision of the administrative law judge shall state specifically the reason the applicant believes the findings and conclusions of the administrative law judge on the controlling issues are not properly supported." 8 C.S.R. 20-3.030(3)(A). "It shall not be sufficient merely to state that the decision of the administrative law judge on any particular issue is not supported by competent and substantial evidence." *Id.*

On appeal, Chuhan argues her Application for Review "attempted to excuse [her] nonappearance, and it was necessary for due process for the Commission to hear evidence on the questions of [Chuhan's] good cause for nonappearance." She then alleges a litany of reasons for her nonappearance before the administrative law judge, none of which appeared in her Application for Review.

We may review only whether the Commission acted in excess of its power, and not the merits of Chuhan's underlying claim. *See Miller v. Henniges Auto. Sealing Sys. N. Am., Inc., et al.*, 632 S.W.3d 498, 500 (Mo. App. E.D. 2021). Pursuant to that standard, Chuhan's argument

---

[2] Unless otherwise indicated, all statutory references are to RSMo (2000) as amended.

4

fails for two reasons. First, the Commission had authority to promulgate and enforce 8 C.S.R. 20-3.030(3)(A). *See Miller*, 632 S.W.3d at 500; *Crawford*, 587 S.W.3d at 698; *Tulac v. Trans World Airlines*, 34 S.W.3d 831, 833 (Mo. App. E.D. 2000) (citing *Szydlowski v. Metro Moving & Storage Co.*, 924 S.W.2d 325, 327 (Mo. App. E.D.1996)). Second, Chuhan's Application for Review did not state specifically any reason the findings and conclusions of the administrative law judge were not properly supported. *See* 8 C.S.R. 20-3.030(3)(A).

Chuhan maintains the Commission acted in excess of its power in dismissing her application and directs us to *Miller*, 632 S.W.3d 498, and *Ross v. Safeway Stores, Inc., et al.*, 738 S.W.2d 611 (Mo. App. S.D. 1987). But the applications for review in *Miller* and *Ross* are easily distinguishable from Chuhan's application here.

In *Miller*, this Court reversed the Commission's dismissal of the claimant's application for review because additional pages attached to the application stated specifically the reasons the administrative law judge's awards were not supported by substantial evidence. *Miller*, 632 S.W.3d at 501. Similarly, in *Ross*, the application for review specifically alleged the claimant was under the false impression that he was represented by counsel, but in fact he was not represented by counsel. *Ross*, 738 S.W.2d at 613. Attached to the application was a letter from the law firm in question confirming the claimant was not represented by an attorney at that firm. *Id.* The Southern District of this Court reversed the dismissal of the application and concluded, "The application, as we have seen, set forth allegations of fact purporting to show good cause for claimant's failure to appear before the ALJ." *Ross*, 738 S.W.2d at 616.

Unlike the applications and attachments in *Miller* and *Ross*, Chuhan's Application for Review and the attached entry of appearance and business card did not state, specifically or otherwise, any reason the dismissal of Chuhan's claim by the administrative law judge was not

properly supported as required by 8 C.S.R. 20-3.030(A)(3). Instead, Chuhan's Application for Review impermissibly left the Commission to "speculate as to what part of the ALJ's decision was disputed." *Crawford*, 587 S.W.3d at 700.

The Commission did not act in excess of its power in dismissing Chuhan's Application for Review for failure to meet the basic requirements of 8 C.S.R. 20-3.030(3)(A). The point is denied.

## Conclusion

For the foregoing reasons, we affirm the decision of the Labor and Industrial Relations Commission dismissing Chuhan's Application for Review.

_____
Cristian M. Stevens, J.

Robert M. Clayton, III, P.J., and
Philip M. Hess, concur.

6